*429
 
 Battle, J.
 

 The only
 
 question presented, in
 
 this
 
 case, is whether champagne wine is “liquor” within the meaning of the Revised Code, ch.
 
 79,
 
 sec 4. That section enacts that “no keeper of an inn, tavern, or ordinary, or retailer of liquors by the small measure, shall sell to any person on a credit, liquors to a greater amount than ten dollars,” &c. The term “liquors” is certainly broad enough in its meaning to embrace champagne wine, and being thus embraced in the letter, we think it equally so in the spirit of the act. The object was to prevent tippling to an unreasonable extent, by preventing a credit for it, to an amount greater than ten dollars. Extravagant potations of wine may not be quite as injurious to health as the drinking of the same quantity of ardent spirits, but it may become equally fatal to the morals of those who are tempted to indulge in it.
 

 An additional argument that vinous, as well as spirituous liquors, were intended to be embraced in this section of the act, may be derived from the fact, that in the 6th section “ spirituous liquors ” are particularly specified as those for the retailing of which a licence must be obtained from the county court. "Why use a more extensive term in the 4th section, unless other than spirituous liquors were intended ? Our opinion is that, upon a proper construction of this section, it embraces, both in letter and spirit, vinous, as well as spirituous liquors, and that, consequently, his Honor, in the Court below, erred in holding that champagne wine was not embraced in it. The judgment must be reversed, and a
 
 wnwe de novo
 
 awarded.
 

 Pee Oubiam, Judgment reversed.